Pearson, C. J.
 

 The statement of the case is so defective, that, but for verbal explanations, made at the bar, it would have been impossible for this Court to conjecture what was the question of law reserved by the Court, upon which the verdict was set aside and a nonsuit entered. We feel constrained to call attention to the fact, that owing to the loose mode of making up cases, there is more difficulty in putting a construction on the case than in deciding the points of law ; which greatly embarrasses the Judges of this Court, and some times, we fear, prevents justice from being done.
 

 It seems, that the jury found the only facts, about which the parties did not agree, in favor of the plaintiff, under instructions from his Honor, “ to take into consideration the admissions made by the plaintiff in the former suit.” So, the defendant had all the benefit of these admissions, which he had any right to expect, and the action of the Court could not have been predicated on them.
 

 We are left, therefore, to infer that his Honor put his decision upon the supposed effect of
 
 the judgment
 
 in the action of ejectment.
 

 It is set out in the statement of the case: “ the
 
 locus in quo
 
 was proved to be within the description in the
 
 declaration
 
 and
 
 writ of possession ;
 
 from which, by a suggestion at the bar, an implication is to be made, that it was
 
 not within
 
 the description, in the
 
 grant,
 
 under which the defendant claimed : in other words,
 
 the defendants title does not cover the locus in quo,
 
 and the question intended to be presented is," does the judgment in the action of ejectment, operate as an estoppel and conclude the plaintiff in this action, in respect to the title? Or can the plaintiff maintain an action of trespass Q.
 
 *51
 
 O. E., before he has regained the possession of his land by an action of ejectment and a writ of possession ?
 

 Adopting this construction of the case, which we feel at liberty to do, as we can give it no other meaning, the opinion of this Court differs from that of his Honor.
 

 The judgment in ejectment is conclusive in respect to the title for the purposes of that action, and of the action of trespass Q. C. E. for the mesne profits, when the latter is used merely as a continuation of the former, and the plaintiff confines his demand for damages to the time covered by the demise in the declaration in ej ectment. If he goes out of it, the question of title is open on the ground, that it has only been considered by the Court with a view to deciding that the lessor had such a title as enabled him to make the demise foi the purpose of bringing the action of ejectment. This is well settled, and, accordingly, it is very common for a second action of ejectment to be brought. Indeed, one of the principal benefits growing out of its substitution for real actions, is the fact, that the judgment does not operate as an estoppel, in respect to the title, but leaves it to be tried a second or a third time, so as to have it satisfactorily settled.
 

 So it is agreed, that if the plaintiff had brought ejectment-, he could have maintained it, as his title covers the
 
 locus in
 
 quo, and the defendants does not, and the judgment in the first action of ejectment could have no bearing on the second. It is -also agreed, that had the plaintiff brought ejectment and recovered, he could then have maintained an action of trespass Q. C. E. for mesne profits during the time for which the present action is brought. The question, therefore, is narrowed to this: Is there any ground upon which the question of title is concluded, where a defendant, in ejectment, after being evicted by á writ of possession, makes an actual entry and brings trespass Q. C. E., that would not apply to an action of ejectment brought by him ?'
 

 Yf'é
 
 have seen that the question of title is not concluded iñ the second action of ejectment, for the reason that the judgment in the first action only decides, that the lessor had such
 
 *52
 
 a title as enabled him to make the demise for the purpose of that action. This reason applies with equal force to the action of trespass
 
 qua/re clausum fregit.
 
 and excludes the idea that the question of title,
 
 outside
 
 of the first action, is concluded in any other action.
 

 Accordingly, it is settled, that if the title of the lessee does not reach back to the date of the demise, the objection is fatal ; but it makes no difference whether the lease is for five, ten, or twenty years, because, the Court does not pass on the title beyond the termination of the action ; Buller’s N. P. 106;
 
 Atlkyns
 
 v. Horde, 1 Burr, 114; where
 
 Lord
 
 Mansfield says:
 

 “The recovery in ejectment is a recovery of the possession, without prejudice to right, as it may afterwards appear, even between the same parties. He who enters under it, is only possessed according to his right. If he has a freehold, he is in as a freeholder. If he has no title, he is in as a trespasser. If he had no right to the possession, then he takes only a naked possession.”
 

 It may be conceded, that if the plaintiff in ejectment after judgment follows it up by an action for the mesne profits and recovers, the defendant cannot afterwards recover back such profits, although, in a second action of ejectment, he has succeeded in establishing title in himself. So, it may be conceded that for the entry, under the' writ of possession, the plaintiff in the first action is protected by the judgment and wait, although it turns out the land did not belong to him. This is on the ground that the judgment in ejectment, concludes the title for the purposes of that action ; hence, we find many waits of error to reverse a judgment in ejectment, and it is held that the pendency of a wait of error operates as a supersedeas to the action for mesne profits;
 
 Demford
 
 v. Ellys, 12 Mod. 138, and it would seem, if the judgment in ejectment did not conclude the question as to mesne profits and the entry under the writ of possession, every purpose would be answered by a second action of ejectment, and there could be no motive for bringing a writ of error.
 

 There is no intimation in the books, and no reason can be
 
 *53
 
 given for carrying the effect of a judgment in ejectment beyond the point here conceded. After the termination of the aetion and the execution of the writ of possession, if he have no title, in the words of Lord MaNseield, “ he” (the lessor)
 
 “
 
 is in as a naked trespasser,” and, of course, may be sued as such, and made to pay damages, to the real owner, for every aet done thereafter.
 

 Having disposed of the estoppel; it does not admit of a question, that the real owner may maintain an action of trespass, if he regains the possession without bringing ejectment. The plaintiff, in this case, by making an actual entry on the land by force of his title, was then in possession, notwithstanding the presence of the defendant; for it is settled, that when two are on the land, the law adjudges the possession to be in the party who has the title; and the plaintiff being thus in possession by the doctrine of relation or the
 
 jios postliminii
 
 is considered by law, as having been in possession all the time from and after the date of the eviction, and may maintain trepass Q. C. F.. with a
 
 continuando-,
 
 and recover damages for the trespasses done during that period;
 
 Bynum
 
 v.
 
 Carter,
 
 4 Ire. 310.
 

 There is error. Judgment reversed, and judgment in this Court for the plaintiff according to the verdict.
 

 Per Curiam,
 

 Judgment below reversed.